### JOHN F. COCK, ADM'R, v. CARSON & LEWIS.

1. It seems that the surviving member of a firm owning a steam mill has authority to make all necessary repairs, under order of the probate court, and to charge the property with the expense.
2. An administrator will not be allowed to pursue such a course in the management of the trust in his hands as will result in gross injustice to other parties.
3. An administrator *de bonis non* will not be permitted to repudiate the contract of his predecessor in the trust, without compensating the party injured for all loss induced by the contract.

APPEAL from Hood. Tried below before the Hon. Charles Soward.

The facts appear in the opinion of the court.

*A. J. Hood*, for appellant.—An administrator can make no new contract. (25 Texas, 770, Price v. McIver.)

After Phelps had paid the partnership debts, he could not insist on their being admitted as claims against the estate. (6 Texas, 97, Holloman v. Rogers.)

The joint property should be applied to the joint debts, and the survivor account to the heirs of the deceased partner. (Story on Part., § 347; Parsons on Part., § 446.)

A surviving partner cannot sustain an action at law against the administrator of a deceased partner, on an unsettled account growing out of the partnership transactions. (White v. Waide, Walker's Reports, 263; Springer v. Cabell, 10 Miss. R., 640; Riarl v. Wilhelm, 3 Gill. R., 356; Chase v. Garvin, 1 App. R., 211; Burley v. Harris, 8 N. Hamp. R., 233; Stalhert v. Knox, 5 Miss. R., 112; Deavenport v. Gear, 2 Scam. R., 495.)

Death absolutely dissolves a partnership, and all persons are bound to take notice of the fact of dissolution. (Story on Part., § 343.)

No one can bind the estate of a dead man by entering into new contracts, nor by renewing or varying in any manner an old one. (White v. Tudor, 24 Texas, 639; Haddock, Reed & Co. v. Crocheron, 32 Texas, 276; Story on Part., § 343; Edwards on Bills and Prom. Notes, 112; Speake v. White, 14 Texas, 364; Draper v. Bissel, 3 McLean R., 275; Foltz v. Paurie, 2 Desaus R., 40; Wilde v. Jenkins, 4 Paige C. R., 481.)

*Terrell & Walker*, for appellees.

WALKER, J.—This is an appeal from an interlocutory judgment of the District Court, and must, under our rulings, be dismissed; but at the special request of counsel for both parties, that this court would intimate its opinion upon the law and facts of the case, in order to facilitate the settlement of the estate of J. A. Prince, deceased, and prevent unnecessary litigation, we have concluded to comply with the request.

It appears from the pleadings in the case that John H. Phelps and J. H. Prince, about the year 1860, erected and constructed the mills known as the Parker County Mills. The property was expensive, and the partners contracted debts to a considerable amount.

In 1864 Prince, one of the partners, died. His widow, H. C. Prince, and H. C. Jewel, were appointed administrators of his estate. The mills were run and the business carried on, for the mutual benefit of the partners, until on the twenty-fifth of September, 1865. Expensive repairs becoming necessary to the continued ,operation of the mills, by an order of the probate court of Parker county the mills were placed under the exclusive control of Phelps, the surviving partner, with authority to make the necessary repairs.

Phelps, in pursuance of this authority, purchased two steam boilers, and such other necessary machinery and apparatus as were required. Mrs. Prince, in the meantime, intermarried with one Carson, and she and her husband appear to have acted jointly as the administrators of the former husband's estate.

On the fourteenth of March, 1867, Carson and wife, acting as the administrators of Prince's estate, and Phelps acting in his own behalf, sold the mills and certain lands, by parol, to the appellees for the sum of $16,000 gold, with a collateral agreement, that the appellees were to pay off and take up the outstanding debts against the old firm of Phelps & Prince, and also the later contracted debts made by Phelps in pursuance of his authority from the probate court to make all necessary repairs. This agreement has been carried out in good faith on the part of Phelps and the appellees. They have paid the debts, amounting to about the full sum of the purchase money, and been in possession of the property since the fourteenth of March, 1867. But the appellant, who is now

the administrator *de bonis non* of the estate of Prince, refuses to allow these claims as valid claims against the estate, or to carry out the contract of the former administrators. This is an annomalous state of facts, making a case for which we can find no precedent, but it certainly comes within the rules of equity.

The appellant must do one of two things: he must either carry out the contract of the former administrators, or he must reimburse the appellees for the money they have, in good faith, paid out for the benefit of the estate. The facts may indicate that the former should be the decree of the court, having in view the equities of the parties.

An administrator, no more than an individual acting for himself, will be allowed to pursue such a course in the management of the trust in his hands as to do gross injustice to other parties. Our laws regulating the settlement of the estates of deceased persons will allow no such thing, much less do they require it.

We think this is all which need be said in this case. It is but a *dictum* of the court, but if it serve to guide the parties in a straight path it is all that is necessary.

DISMISSED.

OGDEN, J., dissenting.